# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**FARRON MCCASKILL**                                                                 **PLAINTIFF**

**v.**                                                       **No. 4:23-cv-208-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY FEES

Before the Court are Plaintiff's motion [16] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and Defendant's response [17]. For the reasons that follow, the motion will be granted.

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. On April 24, 2024, the Commissioner filed an unopposed motion to remand [13] the case to the Social Security Administration. That same day, this Court's order [15] granted said motion and reversed the Commissioner's decision and remanded to the Social Security Administration for further proceedings. A party who obtains a remand in a social security appeal pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff, through his motion, seeks attorney fees in the amount of $7,903.13. In support of the motion, Plaintiff's counsel submitted a statement regarding the time expended litigating this action. According to the motion, counsel for Plaintiff spent a total of 2.8 hours in 2023 on this case at a rate of $242.19 per hour and a total of 28.9 hours in 2024 at a rate of $250 per hour.

By way of response, Defendant objects to the requested hourly rates, as they are not based on the appropriate prevailing market rates. Instead, the appropriate hourly rate for both the hours in 2023 and 2024 is $243.13. With a total of 31.7 hours spent on the litigation, this means

a reasonable EAJA award in this cause totals $7,707.22. Plaintiff's counsel, in an email to the undersigned's chambers, stipulated to the amount calculated by Defendant.

The Court, having thoroughly considered the motion, noting that the defendant does not oppose the award of EAJA fees (only the amount as detailed above), and the applicable law, finds the award calculated by Defendant and stipulated to by Plaintiff is reasonable; and no special circumstance would make the award unjust.

Therefore, it is ordered that the Commissioner shall promptly pay Plaintiff $7,707.22 in attorney fees for the benefit of his counsel. As a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's attorney.

**SO ORDERED**, this the 25th day of June, 2024.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**